**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6983

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTHUR PAUL MOORE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-98-93)

Submitted:  September 29, 2005       Decided:  October 11, 2005

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Arthur Paul Moore, Jr., Appellant Pro Se.  Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Arthur Paul Moore, Jr., of conspiracy to distribute and to possess with intent to distribute crack cocaine, and the district court sentenced him to a 294-month term of imprisonment by judgment entered on August 31, 1999. This court affirmed the district court's judgment. See United States v. Moore, No. 99-4691, 2000 WL 992253 (4th Cir. July 18, 2000) (unpublished). Seeking a second direct criminal appeal pursuant to 18 U.S.C. § 3742 (2000), Moore filed a notice of appeal on May 3, 2005. We lack jurisdiction to consider the merits of the appeal, however, because it is untimely. Criminal defendants have ten days from the entry of the judgment or order at issue to file a notice of appeal. See Fed. R. App. P. 4(b). The appeal periods established by Rule 4 are mandatory and jurisdictional. Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978). Because Moore filed his notice of appeal nearly six years outside the appeal period, we lack jurisdiction to consider the merits of the appeal.

To the extent that Moore seeks to appeal the district court's order entered on October 17, 2002, accepting the magistrate judge's recommendation and denying his motion filed under 28 U.S.C. § 2255 (2000), we deny a certificate of appealability and dismiss the appeal for lack of jurisdiction because Moore's notice of appeal also is untimely as to that order. When the United States or its officer or agency is a party, the notice of appeal must be

- 2 -

filed no more than sixty days after entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). Furthermore, this court has previously reviewed that order on appeal, denied a certificate of appealability, and dismissed the appeal. See United States v. Moore, 56 F. App. 182 (4th Cir. Feb. 26, 2003) (unpublished), cert. denied, 540 U.S. 842 (2003).

Accordingly, we dismiss the appeal for lack of jurisdiction. Finally, to the extent that we construe Moore's notice of appeal and informal brief as an application to file a successive § 2255 motion, see United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 540 U.S. 995 (2003), we deny authorization to file a successive § 2255 motion because Moore's claims do not satisfy the conditions set forth in 28 U.S.C. §§ 2244, 2255 ¶ 8 (2000). We deny Moore's motion to review sentence enhancements and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED